1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   ALEX G. TSE (CABN 152348)
3  Chief, Civil Division

4  REBECCA A. FALK (CSBN 226798)
   Assistant United States Attorney
5
         450 Golden Gate Avenue, Box 36055
6        San Francisco, California 94102-3495
         Telephone: (415) 436-7022
7        FAX: (415) 436-6740
         rebecca.falk@usdoj.gov
8
   Attorneys for Respondents
9

10 KEVIN M. CRABTREE (CSBN 238162)
   Law Office of Robert L. Lewis
11 428 - 13th Street, 7th Floor
   Oakland, CA  94612
12 T: (510) 834-1288
   F: (510) 834-0431
13 www.immigrantdefense.com

14 Attorney for Petitioner

15
                        UNITED STATES DISTRICT COURT
16
                       NORTHERN DISTRICT OF CALIFORNIA
17
                            SAN FRANCISCO DIVISION
18

19 JOSELITO CASIMIRO,                    ) CASE NO. 13-01936 RS
                                         )
20       Petitioner,                     ) **PARTIES' STIPULATED SETTLEMENT**
                                         ) **AGREEMENT AND [PROPOSED] ORDER**
21    v.                                 )
                                         )
22 ERIC H. HOLDER, JR. ATTORNEY          )
   GENERAL, AND TIMOTHY AITKEN,          )
23 FIELD OFFICE DIRECTOR, USICE,         )
                                         )
24       Respondents.                    )
                                         
25 _____

26

27

28

   PARTIES' STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
   13-01936 RS

Petitioner JOSELITO CASIMIRO ("Petitioner") and Respondent ERIC H. HOLDER, JR. ATTORNEY GENERAL, and TIMOTHY AITKEN, FIELD OFFICE DIRECTOR, USICE, ("Respondent"), by and through their undersigned counsel, hereby enter into this Stipulated Settlement Agreement and [Proposed] Order (the "Stipulation") as follows:

1. The parties desire to resolve Petitioner's motion for attorney's fees, filed August 30, 2013 (Dkt. No. 18) (withdrawn on September 12, 2013 to allow for discussion between the parties) and all possible litigation under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the above captioned action, by entering into this Stipulation, thereby avoiding the time and expense of further litigation as to the propriety and amount of any EAJA fee award. This Stipulation is intended to dispose of all claims, issues and matters that could and have been raised by Petitioner against Respondents as to any fee litigation. The parties acknowledge that this Stipulation is fully binding on them, and on each of their successor during the life of the Stipulation. By entering into this Stipulation, Respondents do not admit that any award of EAJA fees would be proper if litigation was pursued to completion. The parties agree that the Stipulation is fully dispositive of all issues in the above-captioned case.

2. Respondent shall pay to Petitioner the amount of seven thousand five hundred U.S. dollars and zero cents ($7,500.00) in full and complete satisfaction of Petitioner's claims for attorneys' fees, costs, and litigation expenses under EAJA in the above-captioned matter. This payment shall constitute full and final satisfaction of any and all of Petitioner's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest. Payment of this money will be made by electronic funds transfer, and Petitioner's counsel will provide the necessary information to Respondent's counsel to effectuate the transfer. Respondent will make all reasonable efforts to make payment within sixty (60) days of the date that Petitioner's counsel provides the necessary information for the electronic funds transfer and this Stipulation is approved by the Court, whichever is later, but cannot guarantee payment within that time frame.

3. Upon the execution of this Stipulation, Petitioner hereby releases and forever discharges Respondent, its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Petitioner asserts or could

have asserted in this litigation, or which hereafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the Petition for Habeas Corpus ("Petition") on which this action is based or any other matter alleged in the Petition, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation. Subject to the foregoing, this Stipulation is not intended to affect Petitioner's right to apply for an award of fees pursuant to EAJA if he is a prevailing party in litigation concerning the Motion to Reopen submitted by Petitioner to the Board of Immigration Appeals on June 12, 2013, to the extent that such fees accrue after the date of this Stipulation.

4. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Petitioner, having been apprised of the statutory language of Civil Code Section 1542 by its attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights it may have pursuant to the provision of that statute and any similar provision of federal law. Petitioner understands that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by it to be true, the Stipulation shall be and remain effective notwithstanding such material difference.

5. Execution of this Stipulation and its approval by the Court shall constitute dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

6. The parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission on the part of Respondent, the United States, its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Respondent regarding Petitioner's entitlement to attorneys' fees or other litigation costs under EAJA. This Stipulation shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case or

PARTIES' STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
13-01936 RS

proceeding involving Respondent.

7. This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

8. If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

9. This Stipulation shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

10. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

11. This Stipulation may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

12. This Stipulation may be executed in counterparts and is effective on the date by which both parties' counsel have executed the Stipulation.

**SO STIPULATED AND AGREED.**

DATED: September 24, 2013 By: /s/ Kevin Crabtree
KEVIN M. CRABTREE
Law Office of Robert L. Lewis
Attorney for Petitioner

DATED: September 24, 2013 MELINDA HAAG
United States Attorney

By: /s/ Rebecca A. Falk
REBECCA A. FALK[1]
Assistant United States Attorney
Attorneys for Respondents

---

[1] I, Rebecca A. Falk, hereby attest that I obtained the concurrence in the filing of this document from all signatories indicated by a "conformed" signature (/s/).

PARTIES' STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
13-01936 RS

**PURSUANT TO STIPULATION, IT IS SO ORDERED:**

    This case is hereby dismissed with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

DATED: 9/25/13

                    HONORABLE RICHARD SEEBORG
                    UNITED STATES DISTRICT JUDGE